**UNITED STATES DISTRICT COURT**                  JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.   **CV 16-777-JFW (JEMx)**                     Date: February 11, 2016

Title:       Wilshire Manor Apartments, LLC -v- State Farm General Insurance Company, et al.

**PRESENT:**
      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

      Shannon Reilly                                  None Present
      Courtroom Deputy                       Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
                 None                                                      None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT**

      On December 18, 2015, Plaintiff Wilshire Manor Apartments, LLC ("Plaintiff") filed a Complaint against Defendant State Farm General Insurance Company ("Defendant") in Los Angeles County Superior Court. On February 3, 2016, Defendant filed a Notice of Removal Under 28 U.S.C. §1441(b) [Diversity] ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

      Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. For the purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Plaintiff Wilshire Manor Apartments LLC is a limited liability company. However, Defendant has failed to allege the citizenship of any of the

members of Plaintiff Wilshire Manor Apartments LLC. Therefore, Defendant has failed to demonstrate that complete diversity exists.

In addition, Defendant contends that the amount in controversy exceeds $75,000 because the "Complaint alleges that [Defendant] failed to fully compensate [Plaintiff] for a large fire loss to a 46 unit apartment building resulting in damages well in excess of $75,000." Notice of Removal, ¶ 11. However, Plaintiff's Complaint is devoid of any facts from which the Court can determine that the amount in controversy exceeds $75,000.

Therefore, the Court concludes that Defendant's conclusory allegations do not prove by a preponderance of the evidence that the jurisdictional amount is satisfied. *See, e.g., Tompkins v. C & S Wholesale Grocers,* Inc., 2011 WL 2710288, at *2 (E.D. Cal. July 11, 2011) (concluding that the defendants failed to demonstrate that the amount in controversy exceeded $75,000 based on the defendants' speculative assumption that the plaintiff worked ten hours of overtime per week); *Melendez v. HMS Host Family Restaurants,* Inc., 2011 WL 3760058, at *3 (C.D. Cal. Aug. 25, 2011) (concluding that the defendant's speculative assertions regarding front pay, which did not consider mitigating circumstances, were insufficient to show that the plaintiff would more likely than not receive an award for front pay); *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998) (holding that the defendants could not meet the burden of demonstrating the amount in controversy "simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money."); *Gordon v. Allstate Insurance Co.*, 2010 WL 1949164 (D. Ariz. May 13, 2010) (holding that "while verdicts in similar cases can be probative, they are not determinative; Defendants must point to facts that would support a $75,000 or higher punitive damage award in this case.").

Accordingly, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.